# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | No. 05 C 7235 |
| THE QUAY CORPORATION, INC., ) | |
| ) | Judge John W. Darrah |
| Appellant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Appellant, The Quay Corporation, Inc., appealed the Bankruptcy Court's modification of the automatic stay in favor of Mexican Cheese Producers, Inc. and Distribuidora De Quesos Mexicanos, Inc. (collectively "MCP"), in relation to a state court proceeding between Quay and MCP. Presently before the Court is Quay's Motion for Stay Pending Appeal.

In June 2003, Quay filed suit in the Circuit Court of Cook County, Illinois, against MCP, seeking damages for an alleged breach of contract between the parties. In July 2003, MCP filed a counterclaim against Quay, seeking to recover payment from Quay of $1,411,132.78 for products sold to Quay for which were never paid, plus interest, costs and attorney's fees. On July 29, 2004, the Circuit Court entered an order finding that there was no genuine issue of material fact that Quay owed MCP $1,246,033.40 and reserved ruling with respect to the remaining amount claimed in Count I of MCP's counterclaim. Subsequently, the Circuit Court dismissed all of Quay's claims against MCP in the underlying complaint.

On August 16, 2005, MCP filed a motion for assessment of interest, attorney's fees and for entry of final judgment on the undisputed portion of Count I of MCP's counterclaim. The matter

was fully briefed by the parties and set for ruling and entry of judgment by the state court on October 19, 2005. On October 18, 2005, prior to the hearing, Quay filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*.

On November 22, 2005, MCP presented a motion to modify the stay for the limited purpose of allowing the state court to enter judgment liquidating the amount of MCP's claim against Quay in Count I of MCP's counterclaim. MCP agreed to return to the Bankruptcy Court for collection of its liquidated claim. On November 29, 2005, the Bankruptcy Court entered an order modifying the automatic stay for the limited purpose of allowing the Circuit Court to enter judgment liquidating Count I of MCP's counterclaim against Quay. On December 8, 2005, Quay filed a Notice of Appeal in the Bankruptcy Court. On December 15, 2005, Quay filed a motion to stay the Bankruptcy Court's order pending appeal. On December 22, 2005, the Bankruptcy Court denied Quay's request for a stay.

A four-part analysis is conducted to determine whether a stay pending an appeal is appropriate. The court considers: (1) the likelihood of success on the merits of the appeal, (2) whether the movant will suffer irreparable injury if the stay is not granted, (3) whether the other parties will suffer substantial harm by the granting of the stay, and (4) whether the public interest will be served by granting a stay. *In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1300 (7th Cir. 1997) (*Forty-Eight*). Other factors include whether judicial economy dictates that the suit should continue in the forum in which it was commenced to avoid duplicate litigation and whether the state court proceeding has progressed to the point of being ready for trial. *See Chapman III v. Citicorp Mortgage, Inc.*, 1992 WL 59289 (N.D. Ill. March 20, 1992) (*Chapman III*). The movant has the threshold burden of demonstrating the first two factors. If the movant makes these threshold

showings, the court balances the relative harms, considering all four factors using a "sliding-scale" approach. *Forty-Eight*, 115 F.3d at 1300-01.

On appeal, Quay alleges that the Bankruptcy Court erred in modifying the automatic stay in MCP's favor because no cause existed for such modification. Quay's appeal is presently in the briefing stage but has not been fully briefed. Therefore, the merits of Quay's case are determined from the parties' briefs in conjunction with the present motion.

The Bankruptcy Court granted MCP's motion to modify the stay, finding that "cause" existed to modify the stay. That court reasoned that judicial efficiency would best be served by modifying the stay because the state court, which was familiar with the case, would be best situated to resolve the merits of the case, which was almost completed. Furthermore, the small remaining part of the case could be resolved immediately or within a very short time frame and would be best done by the state court. Accordingly, if the stay was not modified, the Bankruptcy Court would merely be delaying the inevitable as the Bankruptcy Court would, in any event, remand the case back to state court in approximately three months following the deadline for filing of claims because the Bankruptcy Court would not re-litigate the state case that was almost completed by another court with extensive knowledge of that litigation.

Section 362(d) provides that the bankruptcy court may grant relief from the stay for "cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)91). "Cause" is not defined under Section 362(d) of the Bankruptcy Code and is generally determined on a case-by-case basis. *See In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991). The decision to modify a stay rests with the discretion of the bankruptcy

court and may only be overturned upon a showing of abuse of discretion. *See In re Holtkamp*, 669 F.2d 505, 507 (7th Cir. 1982).

Here, Quay has failed to demonstrate a sufficient likelihood of success on the merits. The automatic stay in the instant case was lifted to allow an already pending, and almost fully litigated, case to proceed to judgment. The Bankruptcy Court found that judicial efficiency would be met by lifting the stay. Judicial efficiency may constitute cause to lift a stay. *See In re Williams*, 144 F.3d 544, 549-50 (7th Cir. 1998) (*Williams*) (affirming the lifting of the stay to allow state court to proceed with already pending forcible entry action); *In re Holtkamp*, 669 F.2d 505, 508-09 (7th Cir. 1982) (*Holtkamp*) (affirming lifting of stay to allow pending state personal injury suit to proceed); *In re Betzold*, 316 B.R. 906, 918 (N.D. Ill. 2004) (*Betzold*) (lifting stay to allow pending arbitration to proceed where only remaining issues were the fixing of damages, a motion to reconsider, and any post-arbitral proceedings); *In re Pro Football Weekly, Inc.*, 60 B.R. 824, 826 (N.D. Ill. 1986) (lifting stay to allow adjudication of counterclaims to proceed in pending state lawsuit).

Quay primarily argues that it has demonstrated a likelihood of success on the merits because most of the courts that have denied a stay in similar situations did so because the debtor's insurance company would defend the estate in the litigation. *See, e.g., Holtkamp*, 669 F.2d at 508-09. Quay then argues that no such insurance is available to it here. However, Quay fails to cite any case which granted a motion to stay based on the lack of insurance to cover litigation costs, and the Court has been unable to find any either. While courts have noted the availability of insurance, they did not find that the presence of insurance was the deciding factor in granting or denying a stay from proceeding in the litigation. *See, e.g., Holtkamp*, 669 F.2d at 508-09 (noting that debtor's insurance would cover costs but noting that the interests of judicial economy weighed in favor of denying a

4

stay); *Williams*, 144 F.3d at 550 (no discussion of litigation costs/insurance in determining whether lifting stay was appropriate); *In re Peterson*, 116 B.R. 247, 250 (D. Colo. 1990) (*Peterson*) (rejecting argument that litigation expense will hinder ability to make "fresh start" as basis for denying motion to lift stay, noting that court was unable to find any court that denied motion to lift stay based solely on this reason).

Quay has also failed to demonstrate irreparable injury. Quay argues that the fees and costs it will be required to incur if the state action proceeds constitute an irreparable injury. However, the prospect of incurring continuing legal fees generally does not constitute irreparable injury sufficient to deny the lifting of a stay. *See Peterson*, 116 B.R. at 250; *In re Harris*, 85 B.R. 858, 860 (D. Colo. 1988). Furthermore, Quay will incur these fees either now, in state court, or in the near future, in either the Bankruptcy Court or, presumably, in state court. In essence, Quay is merely seeking to delay this expense, which does not constitute an irreparable injury. Furthermore, by avoiding the possible duplicate litigation of the same issues in the Bankruptcy Court that have already been determined by the state court, Quay's litigation costs would be less than if these issues were re-litigated. *See Betzold*, 316 B.R. at 918 (noting that if arbitration was not allowed to proceed, the time and expense already expended would be duplicated).

Lastly, the late stage of the state court proceeding, the fact that the liability has already been determined, and the public interest served in the expeditious and economical resolution of the litigation weigh in favor of lifting the stay.

Balancing the relative harms in light of the above factors weighs in favor of not issuing the stay. Accordingly, Quay's Motion for Stay Pending Appeal is denied.

Dated: January 27, 2006

JOHN W. DARRAH
United States District Court Judge