# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

In re:  ) 
 ) No. 05 C 7235
THE QUAY CORPORATION, INC.,  ) 
 ) Judge John W. Darrah
Appellant.  )

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the appeal of the Bankruptcy Court's modification of the automatic stay in favor of Mexican Cheese Producers, Inc. and Distribuidora De Quesos Mexicanos, Inc. (collectively "MCP"), in relation to a state court proceeding between The Quay Corporation, Inc. and MCP. For the reasons that follow, the case is remanded to the Bankruptcy Court.

## BACKGROUND

In June 2003, Quay filed suit in the Circuit Court of Cook County, Illinois, against MCP, seeking damages for an alleged breach of contract between the parties. In July 2003, MCP filed a counterclaim against Quay, seeking to recover payment from Quay of $1,411,132.78 for products sold to Quay for which were never paid, plus interest, costs and attorney's fees. On July 29, 2004, the Circuit Court entered an order, finding that there was no genuine issue of material fact that Quay owed MCP $1,246,033.40 and reserved ruling with respect to the remaining amount claimed in Count I of MCP's counterclaim. Subsequently, the Circuit Court dismissed all of Quay's claims against MCP in the underlying complaint. On August 16, 2005, MCP filed a motion for assessment of interest, attorney's fees and for entry of final judgment on the undisputed portion of Count I of MCP's counterclaim. The matter was fully briefed by the parties and set for ruling and entry of judgment by the state court on October 19, 2005. On October 18, 2005, prior to the hearing, Quay

filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

On November 22, 2005, MCP presented a motion before the Bankruptcy Court to modify the stay for the limited purpose of allowing the state court to enter judgment liquidating the amount of MCP's claim against Quay in Count I of MCP's counterclaim. MCP agreed to return to the bankruptcy court for collection of its liquidated claim. Quay opposed lifting the stay, arguing that if the stay was lifted, Quay would have to expend its limited resources in the state proceeding to Quay's and other creditors' detriment. Quay also argued (in the bankruptcy court and here) that lifting the stay should be denied because Quay's insurer was not responsible for defending the state proceeding and because Seventh Circuit law generally permits a state proceeding to continue where the debtor's insurance company would defend the estate in the litigation, not the debtor.

On November 29, 2005, the Bankruptcy Court entered an order, modifying the automatic stay for the limited purpose of allowing the Circuit Court to enter judgment liquidating Count I of MCP's counterclaim against Quay, finding that "cause" existed to modify the stay. The court reasoned that judicial efficiency would best be served by modifying the stay because the state court, which was familiar with the case that was ninety-five percent completed in the state court, would be best situated to resolve the merits of the case. Furthermore, the small remaining part of the case could be resolved immediately or within a very short time frame and would be best done by the state court. Accordingly, if the stay was not modified, the Bankruptcy Court would merely be delaying the inevitable. The case would be remanded back to state court after the deadline for filing of claims because the Bankruptcy Court would not re-litigate the state case, which is almost completed and could be heard by the state court judge, who has extensive knowledge of that litigation.

On December 8, 2005, Quay filed a Notice of Appeal. Quay claims that the Bankruptcy Court erred in modifying the automatic stay in MCP's favor because no cause existed for such modification.

## ANALYSIS

The decision to modify a stay rests with the discretion of the bankruptcy court and may only be overturned upon a showing of abuse of discretion. *See In re Holtkamp*, 669 F.2d 505, 507 (7th Cir. 1982). A bankruptcy court's conclusions of law are reviewed *de novo*. *See In re UNR Industries, Inc.*, 986 F.2d 207, 208 (7th Cir. 1993).

The automatic stay provision of Section 362 provides for a stay against "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title . . . ." 11 U.S.C. § 362(a)(1). Section 362(d) provides that the bankruptcy court may grant relief from the stay for "cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). "Cause" is not defined under Section 362(d) of the Bankruptcy Code and is generally determined on a case-by-case basis. *See In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991) (*Fernstrom*). The Seventh Circuit has articulated a three-part test that is to be used in determining whether "cause" exists to lift a stay: (1) whether any great prejudice will result from the continuation of the civil suit to either the bankrupt estate or the debtor, (2) whether the hardship to the non-bankrupt party by the maintenance of the stay outweighs the hardship of the debtor, and (3) whether the creditor has a probability of prevailing on the merits of its claim. *See Fernstrom*, 938 F.2d at 735.

3

In its ruling to modify the stay, the Bankruptcy Court found that "cause" existed to lift the stay "in the interest of comity between state and federal courts and in the interest of efficiency and given the posture of [the] case . . . ." However, in its oral disposition, the Bankruptcy Court did not articulate that it was applying the *Fernstrom* factors that control the analysis of lifting the stay nor did it clearly articulate the factors and the grounds upon which it based its findings.

Due to the absence of findings under *Fernstrom* (particularly as to parts (1) and (2)), the Court is unable to determine whether the Bankruptcy Court abused its discretion in lifting the stay to allow judgment to be entered on Count I of MCP's counterclaim. Accordingly, the case is remanded to the Bankruptcy Court for these findings. *See Sears, Roebuck & Co. v. Jackson*, 99 C 3176, 1999 WL 3176 (N.D. Ill. Aug. 26, 1999) (remanding for written findings due to bankruptcy court's failing to clearly articulate its findings or the grounds upon which it based its findings under *Fernstrom*).

Dated: April 6, 2006

JOHN W. DARRAH
United States District Court Judge